UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS MCLAIN,

    Plaintiff,

v.                                           CASE NO. 8:17-cv-1283-WFJ-CPT

DENIS MCDONOUGH, Secretary,
Department of Veterans Affairs,

    Defendant.
_____/

## ORDER ON "ME TOO" WITNESSES

Before the Court is Defendant's motion *in limine* to limit the testimony of Plaintiff's "Me Too" Witnesses (Doc. 143) and the various supplements that followed. "Me too" evidence may be used as a basis for claims of hostile work environment pursuant to Federal Rule of Evidence 402. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir. 2008). Such evidence may also be used to support allegations that an employer harbors an improper retaliatory intent or motive pursuant to Rule 404(b). *Id*. Unless "me too" evidence is relevant to show a defendant's retaliatory motive, intent, or knowledge, however, it may not be considered as evidence of discrimination or retaliation pursuant to Rule 404(b). *See Jackson v. United Parcel Serv., Inc.*, 593 F. App'x 871, 877 (11th Cir. 2014); *Denney v. City of Albany*, 247 F.3d 1172, 1189 (11th Cir. 2001) ("[C]ourts are

reluctant to consider 'prior bad acts' in [the employment discrimination] context where those acts do not relate directly to the plaintiffs."); *Dagnesses v. Target Media Partner Operating Co.*, No. 1:15-cv-23989-UU, 2016 WL 10647255, at *1–2 (S.D. Fla. Nov. 14, 2016) (noting that Eleventh Circuit "has permitted such evidence as 'relevant and not overly prejudicial' to prove discriminatory intent in certain circumstances") (citing *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1257–58 (11th Cir. 2014)).

A federal district court has wide discretion with respect to determining the admissibility of "me too" evidence. *See Danesses*, 2016 WL 10647255, at *2 (citations omitted). For admission, such evidence must be probative of the intent of a defendant to discriminate or retaliate. *See Goldsmith*, 513 F.3d at 1286; Fed. R. Evid. 404(b). It should not be admitted at trial if it is unduly prejudicial, confusing, misleading, or cumulative. *See Adams*, 754 F.3d at 1258; *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (granting broad discretion to district court's evidentiary rulings, particularly with respect to Rule 403 balancing). Citing to *Sprint/United* and other district court cases, the district court in *Kalamas v. Ross*, No. 8:16-cv-563-T-26JSS, (M.D. Fla. Jan. 26, 2018), found "me too" evidence inadmissible under Rule 404(b) because the discriminatory experiences with the alleged discriminator were "markedly different" as one was motivated by race and the other by ethnicity. *Kalamas* (Doc. 143-1 at 2–3). In

2

determining admissibility, the district court must guard against the regression of the main case into a series of mini-trials concerning the reliability of "me too" witnesses.

The Court therefore instructed Plaintiff to file a description of his most important "me too" witnesses, limiting the number to six. *See* Doc. 190. The Defendant objects to them all as extrinsic and dehors the Plaintiff's case. *See* Doc. 196.

The Court believes that Plaintiff's wife is within the "zone of protection" and may testify as to matters related to her husband/co-employee's claims. Likewise, because Plaintiff represented witnesses Salem and Patricio, they may testify about matters directly related to the claims here and as "me too" witnesses.

As to the other witnesses listed in Plaintiff's list of six:

<u>*Dr. Sherry Smith*</u>: Smith is a potential witness whose claim was racial discrimination. The Court has reviewed Smith's case file and a recent summary judgment order by Judge Covington. Smith is extrinsic and will not be heard. Witnesses Harris and VanMeter are related to her testimony. Their testimony is too extrinsic and distant from the underlying case and will also not be heard in Plaintiff's case.

<u>*Dr. William Messina*</u>: Messina's testimony is somewhat duplicative of Salem, whom the Court has permitted. Messina apparently does not allege

3

retaliation because of prior EEO activity, nor did he ever file an EEO claim or engage in EEO activity at all. Messina's testimony appears to bolster, in part, Salem's testimony but does not show any motive, intent, or plan to retaliate against the Plaintiff McLain. He is more in the nature of a "bad character" or propensity witness. He will not be heard.

*Erin Tonkyro*: Plaintiff asserts Tonkyro was told by hospital manager (not Doloresco) that EEO claimants would not be promoted. Tonkyro has no direct proof about Plaintiff McLain's claims and has no personal knowledge about what Doloresco said. She is too attenuated to be admitted for this extrinsic proof, and she herself possesses no direct proof. She will not be heard.

*Dr. Carol Rueter*: Like Messina, Rueter did not allege retaliation for prior EEO activity. Rueter's underlying complaint—disability discrimination—is far afield. She did not pursue her claim once she moved to Georgia. She offers no direct or reasonably inferential proof supporting Plaintiff's claim. She will not be heard. The *in limine* preclusion of Rueter is granted.

Having reviewed Plaintiff's top six "me too" witnesses offered, the Court makes the above ruling. Any other "me too" or Rule 404(b) witnesses are simply far attenuated and neither pertinent nor relevant to Plaintiff's case nor relevant, nor a fair use of the jury's time.

4

Accordingly, Defendant's motion *in limine* (Dkt. 143) is granted in part and denied in part consistent with this order.

**DONE AND ORDERED** at Tampa, Florida, on March 1, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record